OPINION
Plaintiff-appellant, Pioneer Rural Electric Co-Op, appeals from the judgment entry of the Sidney Municipal Court, Shelby County, which granted the motion for default judgment made by appellant, but implicitly denied appellant's request for prejudgment interest.
On March 10, 1999, the appellant filed a complaint against the defendant-appellee, Danny Strunk, alleging an unpaid account. After appellee failed to file an answer to the complaint within the time prescribed by law, appellant then moved for default judgment. On April 30, 1999, the trial court granted a default judgment against appellee in the amount of $1,886.98, plus costs and interest from the time of judgment.
Appellant now appeals the April 30, 1999 entry and raises the following assignment of error:
 The trial court erred in failing to grant appellant prejudgment interest from the date appellee's liability arose under law.
Appellant argues that the trial court erred in not granting prejudgment interest on its claim from August 6, 1998. As noted by appellant, its prayer for relief in its complaint requests interest from that date.
Prejudgment interest is available under R.C. 1343.03(A), which provides as follows:
 * * * [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, * * * and upon all judgments * * * of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten percent per annum * * *. (Emphasis added.)
Noting the mandatory language in the statute, we recently concluded that "the decision to allow or not allow prejudgment interest in not discretionary." Dwyer Elec., Inc. v. Confederated Builders, Inc.
(Oct. 29, 1998), Crawford App. No. 3-98-18, unreported, at *2.
 The only issue for resolution by a trial court in claims made pursuant to R.C. 1343.03(A) is how much interest is due the aggrieved party. The trial court must make a factual determination as to "when interest commences to run, i.e., when the claim becomes `due and payable,' and to determine what legal rate of interest should be applied." (Emphasis in original.) Royal, 73 Ohio St.3d at 115; See generally, Landis, 82 Ohio St.3d at 342. Thus, while the right to prejudgment interest in a contract claim is a matter of law, the amount awarded is based on the court's factual determination of an accrual date and interest rate. These factual decisions will be reviewed on appeal under an abuse of discretion standard. See Cincinnati Ins. Co. v. First Natl. Bank (1980), 63 Ohio St.2d 220 (Applying the abuse of discretion standard when reviewing the trial court's decision to award interest from a particular date.)
Id. at *3.
Moreover, the Ohio Supreme Court explained that an award of prejudgment interest is not to serve as punishment to the party responsible for the underlying damages, but rather, it serves to make the aggrieved party whole by compensating the aggrieved party for the period of time between accrual of the claim and judgment.Royal, 73 Ohio St.3d at 117.
In the instant case, the record shows that the amount owed on the account claim was uncontested and a default judgment rendered in appellant's favor. Based on the above case law and the language of R.C. 1343.03(A), we conclude that appellant is entitled to prejudgment interest on this amount, and that this case must be remanded to the trial court for a determination of the amount of prejudgment interest owed to appellant.
Having found merit in appellant's assignment of error, we reverse the judgment of the Sidney Municipal Court on the prejudgment interest issue and remand the cause for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
HADLEY and WALTERS, JJ., concur.